Filed 11/5/24  Self-Insured Schools of California II v. Bledsoe CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SELF-INSURED SCHOOLS OF CALIFORNIA II, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CHARLES MICHAEL BLEDSOE, <br><br> Defendant and Respondent. | F087262 <br><br> (Super. Ct. No. BCV-22-103252) <br><br><br> **OPINION** |

-ooOoo-

## <u>THE COURT</u>*

APPEAL from an order of the Superior Court of Kern County.  Bernard C. Barmann, Jr., Judge.

Herr Pedersen & Berglund, Leonard C. Herr, Ron Statler, and Alex Thompson for Plaintiff and Appellant.

Bremer Whyte Brown & O'Meara, Michael A. D'Andrea, Caitlin Marie Salata; Greines, Martin, Stein & Richland, Alana H. Rotter and Laura G. Lim for Defendant and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Peña, J. and DeSantos, J.

Appellant Self-Insured Schools of California II (SISC II) sought a determination of whether it was required to defend and indemnify respondent Charles Michael Bledsoe in a separate action, *Cano v. Bledsoe*, Kern County Superior Court No. BCV-16-101260, regarding a collision between Bledsoe's vehicle and Cano's motorcycle. The duty to indemnify depends on whether Bledsoe was acting within the scope of his employment with Delano Unified School District (the district) at the time of the collision with Cano. SISC II filed the instant action seeking a declaration that Bledsoe was not acting within the course and scope of his employment or on district business at the time of the collision. After two rounds of sustained demurrer with leave to file amended complaints, the trial court sustained Bledsoe's third demurrer and dismissed SISC II's second amended complaint without leave to amend. SISC II appeals that decision. SISC II has filed an opening brief, but Bledsoe has yet to do so.

The parties have filed a joint motion for stipulated reversal of the order sustaining Bledsoe's demurrer without leave to amend. We agree with the parties that the stipulated reversal requested meets the requirements of section 128, subdivision (a)(8) of the Code of Civil Procedure, and we therefore grant the motion and vacate the trial court's order sustaining the demurrer to SISC II's second amended complaint.

## BACKGROUND[1]

### The Parties

SISC II alleged in its second amended complaint that it was an organization consisting of numerous member school districts and county offices of education throughout California that provided self-insurance pursuant to Government Code section 990 et seq. It was liable for injury caused by an employee of one of its member

---

[1]  SISC II's second amended complaint was dismissed at the demurrer stage. We accordingly accept all allegations in the complaint as true. Our acceptance of those facts as true is a product of the procedural posture of the case; it should not be understood as reflecting any findings of fact.

public entities if the employee acted within the scope of his or her employment. Bledsoe was employed by the district, a member public entity. However, the complaint alleged Bledsoe was not acting within the course and scope of his employment at the time he was involved in a collision with Cano.

The Collision

On Saturday, April 18, 2015, Bledsoe was driving his personal vehicle after attending an educational program "put on by a third-party vendor known as Kern Early Stars." The district "did not put on the program" and the program was not hosted at Bledsoe's place of employment. After the program, Bledsoe "decided to pursue a personal errand" before returning home; he stopped at an automated teller machine and used his personal debit card. When leaving the parking lot containing the automated teller machine, he was involved in a collision with Cano's motorcycle.

The Coverage

SISC II's coverage requirements and limits were set out in a memorandum of coverage. That coverage included automobile coverage for the district and also included a duty to defend actions for covered auto accidents. Coverage applied to the district's employees who caused damage during an accident while on district business. However, coverage did not apply to auto accidents that occurred while a person drove a vehicle "not in the business of" the district.

The *Cano v. Bledsoe* Proceedings

Cano originally filed suit only against Bledsoe and nondistrict defendants on June 3, 2016. On June 9, 2017, Cano named the district as Doe Defendant 4, and alleged Bledsoe was acting in the course and scope of his employment at the time of the collision.

On March 17, 2020, the district's motion for judgment on the pleadings was granted because Cano's claims were barred by the Government Claims Act. Cano appealed the order granting judgment on the pleadings and this court determined that the

3.

order was not appealable and Cano's claim nevertheless failed on the merits because he failed to file a timely Government Claims Act claim.

On October 30, 2020, Cano filed a second amended complaint alleging that Bledsoe was acting within the course and scope of his employment at the time of the collision. On March 4, 2021, Bledsoe filed a motion for summary judgment, contending that he was acting within the course and scope of his employment during the collision and seeking relief under the Government Claims Act. The trial court denied the motion. Bledsoe then filed a petition for writ of mandate with this court, which was denied.

Cano and Bledsoe have not litigated whether Bledsoe was acting in the scope of his employment at the time of the collision or whether he was on district business. SISC II contends that neither has an incentive to litigate the issue and both Cano and Bledsoe have agreed that Bledsoe was acting in the course and scope of his employment. If Cano and Bledsoe are correct and Bledsoe is found liable, SISC II alleges, it could be obligated to pay the judgment. Moreover, SISC II contends, it "has and is providing" a defense to Bledsoe in this action because whether it owes a duty to defend Bledsoe depends on whether the employee was acting "within the course and scope of his or her employment."

The parties have stipulated to a judicial reference pursuant to Code of Civil Procedure section 638 and the action is voluntarily stayed in the interim.

## DISCUSSION

Code of Civil Procedure section 128, subdivision (a)(8) permits an appellate court to vacate an order upon agreement or stipulation of the parties if the court also finds "(A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal[; and] [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

4.

Here, the parties have asked the court to reverse the trial court's order sustaining Bledsoe's demurrer without leave to amend on SISC II's second amended complaint. Reversal of that order will return the parties to a position to resolve the disputed issue of whether Bledsoe was acting in the scope of his employment and/or on district business at the time of the collision. Resolution of that issue is necessary to determine whether SISC II has a duty to defendant and potentially indemnify Bledsoe in the *Cano v. Bledsoe* action. Reversal of the order sustaining the demurrer will have no adverse impact on any nonparty to this action or the public.[2] (Code Civ. Proc., § 128, subd. (a)(8)(A).)

Next, vacating the order sustaining Bledsoe's demurrer will not result in erosion of public trust or disincentivize pretrial settlement. (Code Civ. Proc., § 128, subd. (a)(8)(B).) The issue to be resolved in this action is one that must eventually be resolved in the *Cano v. Bledsoe* action. Delaying resolution of the issue on its merits by refusing to reverse the order would force SISC II—which operates using public entity funds—to foot the bill for defense of Bledsoe in the *Cano v. Bledsoe* action (where the parties have no incentive to litigate the issue) and remove Bledsoe and his private auto insurer's litigation costs as an incentive for settlement of that case until the issue is decided. Resolution of the issue in a declaratory relief action is the most expeditious path, would conserve judicial resources, and would provide the parties to this action and the *Cano v. Bledsoe* action clarity on their relative responsibilities and exposures, thereby facilitating settlement.

Based on the parties' agreement, the absence of a reasonable probability that any nonparty or public interest will be harmed, and the absence of erosion of public trust or disincentive to settlement that would accompany reversal of the trial court's order, we

---

[2]    This is not to suggest that an eventual declaration that SISC II has no duty to defend or indemnify Bledsoe would have no adverse impact on nonparties, namely Cano and Bledsoe's private auto insurer. We take no position on whether, if the trial court otherwise finds declaratory relief is appropriate, it should grant relief without requiring joinder of additional parties.

conclude that it is in the interest of justice the trial court's order sustaining Bledsoe's demurrer be reversed and the matter remanded for further proceedings.

## DISPOSITION

The trial court's order sustaining the demurrer to SISC II's second amended complaint is reversed, and the matter is remanded for further proceedings. The parties shall bear their own costs on appeal.